# In the United States Court of Federal Claims

No. 20-514C

(E-Filed:  April 8, 2021)

|  |  |  |
|---|---|---|
| EVERGREEN MARINE, LTD, | ) | |
| | ) | |
| Plaintiff, | ) | Motion to Dismiss;  RCFC |
| | ) | 12(b)(1);  Claims  Sounding |
| v. | ) | in Tort. |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Theresa Bennett, Fort Lauderdale, FL, for plaintiff.

Sean L. King, Trial  Attorney, with whom were Jeffery Bossert Clark,[1] Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, L. Misha Preheim, Assistant Director, Commercial  Litigation Branch, Civil Division,  United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, J.

Before the court is defendant's motion to dismiss.  See ECF No. 7.  Defendant contends that this court lacks jurisdiction to consider plaintiff's claims, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), and in the alternative,  moves to dismiss the claims for failure to state a claim  upon which relief can be granted, pursuant to RCFC 12(b)(6).  In ruling on the motion, the court also considered:  (1) plaintiff's complaint, ECF No. 1; (2) plaintiff's response,  ECF No. 16; and (3) defendant's reply, ECF No. 19.

---

[1]     Mr. Clark replaced Ethan P. Davis as Acting Assistant Attorney General on defendant's reply brief, ECF No. 19.

The motion is now fully briefed and ripe for ruling. The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion. For the following reasons, defendant's motion to dismiss is **GRANTED**.

I.    Background[2]

In 2012, plaintiff contracted with OIA, LLC for the purchase of a 60-foot motor yacht, Official No. 1120699, known as the "Makin Way," now known as the "Change of Latitude" (vessel). See ECF No. 1 at 1-2. As part of the purchase process, plaintiff requested a Vessel Abstract of Title (abstract) from the United States Coast Guard National Vessel Documentation Center (NVDC). See id. at 1-3. The NVDC is responsible for maintaining title records on documented vessels in the United States; indeed, according to plaintiff, the only way to perfect a mortgage lien on a United States vessel is to record a Preferred Ship Mortgage with the NVDC. See id. at 1-2.

The abstract that plaintiff received from the NVDC in March 2012 showed that the vessel was "free and clear without a perfected mortgage lien," and plaintiff paid the full purchase price for the vessel to OIA, LLC. Id. at 3. In 2015, M&T Bank notified plaintiff that it "had an unsatisfied preferred mortgage recorded against the [v]essel" and provided plaintiff with an abstract from the NVDC showing its mortgage. Id. Plaintiff then inquired with the NVDC and, on April 29, 2015, the NVDC "acknowledged that it had failed to provide an accurate [a]bstract" to plaintiff in 2012. Id. (citing ECF No. 1-3, letter from the NVDC to plaintiff). The NVDC informed plaintiff that the mortgage in question was recorded during the time that the NVDC was migrating from paper files to electronic files and it believed that "this new abstract entry was inadvertently not scanned into the electronic system." ECF No. 1-3 at 1.

M&T Bank thereafter moved to foreclose its mortgage, and plaintiff, rather than "lose its [v]essel to the foreclosure lawsuit," settled with M&T Bank in the amount of $275,000 on March 13, 2017. ECF No. 1 at 4. Plaintiff then filed suit against defendant in the United States District Court for the Southern District of Florida pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), alleging that defendant "'negligently failed to record the previous mortgage or disclose the previous mortgage to the Plaintiff and it[ ]s new mortgage holder.'" Evergreen Marine, Ltd. v. United States, 789 Fed. App'x 798, 799 (11th Cir. 2019). The district court dismissed plaintiff's complaint for lack of subject matter jurisdiction, finding that the claim was one for misrepresentation and therefore barred by the FTCA, 28 U.S.C. § 2690(h). See id. at

---

[2]    The facts are primarily taken from plaintiff's complaint and are undisputed by defendant in its motion to dismiss. The court makes no findings of fact here.

800.  The United States Court of Appeals for the Eleventh Circuit concurred and affirmed the lower court's decision.  See id. at 802.

Plaintiff subsequently filed suit in this court, alleging that by providing inaccurate abstract information, defendant breached an implied contract created when the NVDC published its fee schedule and ordering form and plaintiff ordered and paid for the abstract.  See ECF No. 1 at 4-5.  Defendant moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction, arguing that plaintiff's complaint sounds in tort, which is outside this court's jurisdiction.  See ECF No. 7 at 6.  In the alternative, defendant argues that plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.  See id. at 7-10.

II.    Legal Standards

Pursuant to the Tucker Act, the court has jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).  To invoke the court's jurisdiction, plaintiffs must show that their claims are based upon the Constitution, a statute, or a regulation that "'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'"  United States v. Mitchell, 463 U.S. 206, 217 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (stating that to fall within the scope of the Tucker Act "a plaintiff must identify a separate source of substantive law that creates the right to money damages") (citations omitted).

Plaintiff bears the burden of establishing this court's subject matter jurisdiction by a preponderance of the evidence.  See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).  In reviewing plaintiffs' allegations in support of jurisdiction, the court must presume all undisputed facts are true and construe all reasonable inferences in plaintiffs' favor.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds, 846 F.2d at 747 (citations omitted).  If, however, a motion to dismiss "challenges the truth of the jurisdictional facts alleged in the complaint, the . . . court may consider relevant evidence in order to resolve the factual dispute." Reynolds, 846 F.2d at 747 (citations omitted).  If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint.  See RCFC 12(h)(3).

III.    Analysis

        In its motion, defendant argues that plaintiff's complaint must be dismissed
because plaintiff's claims are "simply a new wrapper for an action sounding in tort that is
outside this [c]ourt's jurisdiction."  ECF No. 7 at 6.  Specifically, defendant contends that
plaintiff "attempts to re-cast" the NVDC's conduct as a breach of contract, "despite being
based on a ministerial transaction that was completed."  Id.  Because the underlying
conduct—"'failing to provide an accurate Vessel Abstract of Title by omitting the
[mortgage] on the 2012 Abstract'"—relates to negligence on NVDC's part, the claim
sounds in tort.  ECF No. 19 at 3 (quoting ECF No. 1 at 1, 5).  Moreover, according to
defendant, plaintiff failed to "identify any duties or promises by NVDC" that "provide a
contractual source for a breach claim."  ECF No. 7 at 6.

        Plaintiff responds that "[t]his case is an implied-in-fact contract claim under the
Tucker Act" based on an "executed contract."  ECF No. 16 at 2.  According to plaintiff,
by acting on plaintiff's order and payment for the abstract, the NVDC executed the
agreement between the parties, "provid[ing] an inference" that an implied contract was
formed.  Id. at 5.  The NVDC's conduct, therefore, "demonstrates they accepted the fee
and produced the [a]bstract, thus evidencing a mutuality of intent to contract, offer and
acceptance."  Id. at 6.

        The court agrees with defendant that plaintiff's claims sound in tort.  The
gravamen of plaintiff's complaint is that the NVDC negligently failed to include a
recorded mortgage on the abstract for plaintiff's yacht.  See ECF No. 1 at 2-4; see also
Sounders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1307 & n.5 (Fed. Cir. 2007) (noting
that negligence claims sound in tort and that "tort claims are clearly outside the limited
jurisdiction" of this court); Thune v. United States, 41 Fed. Cl. 49, 52 (1998) ("A claim
for damages resulting from the government's faulty, negligent or improper
implementation of an authorized project sounds in tort.").  Plaintiff's assertion in its
complaint that the NVDC's action amounted to a breach of an implied contract cannot
change the gravamen of the complaint.  See, e.g., Jim Arnold Corp. v. Hydrotech Sys.,
Inc., 109 F.3d 1567, 1574 (Fed. Cir. 1997) (noting that plaintiff's "repeated references"
in the complaint to a contract claim, did "not change the clear gravamen of the
complaint").  Plaintiff's assertions amount to no more than "a conclusion of law based on
plaintiff's assumption about what the facts will prove."[3]  Id.

---

[3]        Indeed, to establish an implied contract, plaintiff would need to demonstrate: "(1)
mutuality of intent to contract; (2) consideration; and (3) lack of ambiguity in offer and
acceptance."  D&N Bank v. United States, 331 F.3d 1374, 1378 (Fed. Cir. 2003) (citation
omitted).  Further, because the second party to the implied contract was the United States,
plaintiff would also need to show that "the government representative whose conduct is relied

Thus, because plaintiff's claim sounds in tort, the court lacks jurisdiction over plaintiff's claims and plaintiff's complaint must be dismissed.  See 28 U.S.C. § 1491(a)(1);  RCFC 12(h)(3).

IV.    Conclusion

Accordingly, for the foregoing reasons, defendant's motion to dismiss, ECF No. 7, is **GRANTED**.  The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint with prejudice.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge

---

upon [had] actual authority to bind the government in contract."  Id.  Plaintiff does not cite any purported contractual language or attach any purported contract to its complaint.  See ECF No. 1.  Plaintiff instead alleged nothing more than a regulatory scheme based on a statutory requirement that the NVDC record mortgages for vessels.  See id. at 2-3.  To overcome the presumption that "'a law is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the legislature shall ordain otherwise," there must be a "'clear indication' that the legislature intended to create contractual rights enforceable against the government."  Am. Bankers Assoc. v. United States, 932 F.3d 1375, 1381 (Fed. Cir. 2019) (quoting Nat'l R.R. Passenger Corp. v. Atchison Topeka & Santa Fe Ry. Co., 470 U.S. 451, 465-66 (1985)).  Plaintiff has neither pleaded nor argued such an indication.